450 So.2d 1282 (1984)
Barbara URSIN, Appellant,
v.
LAW ENFORCEMENT INSURANCE COMPANY, LTD., a Foreign Corporation, Florida Sheriff's Self-Insurance Fund, Aubrey Rogers, Individually and As Sheriff of Collier County, Florida, al Beatty, Individually and As Deputy Sheriff of Collier County, Florida, and George Snider, Individually and As Deputy of Collier County, Florida, Appellees.
No. 83-938.
District Court of Appeal of Florida, Second District.
June 20, 1984.
John B. Cechman of Goldberg, Rubinstein & Buckley, Fort Myers, for appellant.
Gayle Smith Swedmark of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellees Rogers, Beatty and Snider.
*1283 DANAHY, Judge.
Once again we face the difficult task of determining whether sovereign immunity bars recovery by a plaintiff in a suit to recover damages for personal injuries. In this case, the plaintiff has sued the Sheriff of Collier County and two of his deputies. The trial judge held that sovereign immunity protects the defendants from liability in this case and dismissed the complaint with prejudice. In so holding, the trial judge followed the precedents established by this court. Based on those precedents, we affirm.
Since this case was decided on a motion to dismiss, we treat all allegations of the complaint as true. The plaintiff was kidnaped and sexually molested by a man named Earl Baumgardt. In January of 1978, Baumgardt was sentenced to a total of twenty years in prison as a result of his convictions for rape, kidnaping and robbery. He was then committed to the Mentally Disordered Sex Offenders (MDSO) program.
In the latter part of 1980, Baumgardt was returned to Collier County for a hearing on the clarification of his status as an MDSO. Thus he was returned to the custody of the Collier County Sheriff. While awaiting a hearing on his MDSO status, Baumgardt was made a trustee at the Collier County jail and assigned to the trustee kitchen detail. On January 13, 1981, he walked away and within minutes had kidnaped the plaintiff, who was an employee at the Collier County Courthouse. Baumgardt forced the plaintiff to drive to Lee County, where he sexually molested her. The plaintiff has alleged that Baumgardt's actions caused her grievous physical and emotional injuries.
The plaintiff's complaint was in two counts. Count 1 alleged that Baumgardt was negligently assigned to a trustee kitchen detail by the defendant deputy sheriffs while Baumgardt was in the custody, care and control of the sheriff and these two deputies. Count 2 alleges that the Sheriff of Collier County negligently failed to instruct, supervise and control his deputies. All defendants filed motions to dismiss and their motions were granted by the trial judge who dismissed the case. This appeal followed.
We hold that sovereign immunity bars recovery by the plaintiff in this suit. We reach that conclusion based upon the decisions of this court in Rodriguez v. City of Cape Coral, 451 So.2d 513 (Fla. 2d DCA 1984); City of Cape Coral v. Duvall, 436 So.2d 136 (Fla. 2d DCA 1983) (review by supreme court pending); Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983) (review by supreme court pending). In reaching our decision, we acknowledge that it expressly and directly conflicts with the decision of our sister court in Smith v. Department of Corrections, 432 So.2d 1338 (Fla. 1st DCA 1983).
AFFIRMED.
GRIMES, A.C.J., and RYDER, J., concur.