ORFINGER, Judge.
Appellant Marcella Howell appeals from a summary final judgment foreclosing a mechanics lien against her property, and from an order denying rehearing and relief from the judgment. We reverse.
Appellee Johnny Brock, plaintiff below, sued appellant, alleging that he and appellant had entered into a written contract whereby he was to make certain improvements to her property for a total price of $38,300; that he had ceased work on the improvements as a result of disputes between the parties; that he had filed a claim of lien in the amount of $18,151 which he claimed was due and he sought to foreclose said lien.
Appellant answered and denied any indebtedness to the plaintiff, and affirmatively alleged that the lien was void because it was fraudulent as being willfully exaggerated. Appellant also filed a counterclaim in which she admitted the existence of the written contract for the improvements, but alleged that appellee had breached said contract by virtue of numerous specifically enumerated acts or omissions. She then sought damages for breach of contract, and in a second count, sought damages from appellee for filing a fraudulent claim of lien pursuant to section 713.31, Florida Statutes. The answer and counterclaim were sworn to as being true.[1]
Appellee subsequently filed a motion for summary judgment to which he attached *474 his affidavit setting forth the existence of the contract, the fact that he had been ordered off the job, and then in a concluso-ry manner, stating that he had “satisfactorily performed under the contract and the work has been accepted by ...” defendant; that the only work to be completed “... is a punch list of items to be of no value, but [defendant] refused to allow the plaintiff to complete the same.” No effort was made in this affidavit to counter or explain the specific deficiencies which the defendant had set forth in her sworn counterclaim.
In response to the motion for summary judgment, the appellant, who at this time was without counsel, her original counsel having withdrawn, filed a document entitled “Affidavit”, but although so titled, it was not sworn to. It essentially repeated the allegations of the counterclaim with respect to the unfinished or unsatisfactorily performed work. A hearing on the motion for summary judgment was held, pursuant to notice, on October 29, 1987, at which the appellant was not present. Following the hearing the court entered the summary judgment awarding appellee a total of $19,727.89 representing the principal, interest, attorney’s fees and costs. The court further ordered that failing such payment within ten days, appellant’s property would be sold at public sale.
Subsequently, and through counsel, appellant moved for rehearing and for relief from judgment, alleging that she had been hospitalized on the day of the summary judgment hearing and was thus unable to attend. This allegation is apparently undisputed. Before the court could rule on these last motions, appellant’s property was sold to third persons who are not parties to this appeal.[2] The motions for rehearing and for relief from judgment were subsequently denied.[3]
The party moving for summary judgment has the burden of proving the corn-píete absence of a triable issue of material fact, and the proof must be such as to overcome all reasonable inferences which could be drawn in favor of the opposing party. Landers v. Milton, 370 So.2d 368 (Fla.1979). All doubts regarding the existence of an issue in a motion for summary judgment are resolved against the moving party, and all evidence before the court plus favorable inferences reasonably justified thereby are to be liberally construed in favor of the opponent. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965). Where the defendant has asserted affirmative defenses, the plaintiff must dispose of any fact issues raised thereby before being entitled to relief. Devos v. Steel Fabricators, Inc., 473 So.2d 1320 (Fla. 4th DCA 1985); O’Neal v. Brady, 476 So.2d 294 (Fla. 3d DCA 1985).
Here, the appellee did not meet his required burden. His affidavit merely stated, in a conclusory fashion, that he had satisfactorily performed the contract. He made no attempt to negate the affirmative defenses raised by the defendant. Moreover, even if we were to hold that the plaintiff’s affidavit was sufficient to shift the burden to the defendant, see Landers v. Milton, supra, that burden was sufficiently met by the sworn pleading which was in the file and which specifically outlined those deficiencies in construction which the defendant claimed to exist. Thus, issues of fact were created which require resolution at trial.
The summary judgment is reversed, and the cause is remanded for further proceedings in accordance therewith.
REVERSED and REMANDED.
COBB and DANIEL, JJ., concur.

. While the Rules of Civil Procedure do not ordinarily require that a pleading be sworn to, (see Florida Rule of Civil Procedure 1.030(a)), the rules do not prohibit verified pleadings. In this case the sworn answer and counterclaim were before the trial judge at the time of the summary judgment hearing, and to the extent that these pleadings contained facts as would be *474 admissible in evidence, should have been considered by the trial judge at the hearing, to the same extent as any other appropriate affidavit.

. No issue has been raised as to the validity of the sale, so that issue is not before us and is therefore not determined here.

. In the light of our decision here, it is unnecessary to pass on the propriety of the order denying relief from judgment.