539 So.2d 614 (1989)
Llewellyn Douglas GREEN and Julie Green, His Wife, Appellants,
v.
Elcy INMAN, James Johnson, and George A. Brescher, Individually and in His Official Capacity, Appellees.
No. 87-2295.
District Court of Appeal of Florida, Fourth District.
March 22, 1989.
Laura B. Sayet and Jan Michael Morris of Entin Schwartz Barbakoff & Schwartz, Miami, for appellants.
John W. Jolly, Jr., of Shailer, Purdy & Jolly, P.A., Fort Lauderdale, for appellees.
STONE, Judge.
This is an appeal from a summary judgment in favor of the defendant, the former Sheriff of Broward County, on claims of negligence and of deprivation of civil rights under 42 U.S.C. § 1983.
The plaintiff claims that he was assaulted, while incarcerated, by a cellmate who had been designated by the staff as a "houseman" in their cell. Appellant contends that the assailant was negligently placed in a position of authority, and that the sheriff was negligent in the cell assignment. The plaintiff also alleges that corrections personnel walked past the cell during the assault, and that they permitted the houseman to hang a sheet over the bars and hide the cell from view, despite knowing that he had previously engaged in abusive conduct.
Normally, the government assumes no liability for decisions regarding the placement of inmates or the selection of trustees. Such claims are barred by sovereign immunity.[1]See Reddish v. Smith, 468 So.2d 929 (Fla. 1985); Davis v. State Department of Corrections, 460 So.2d 452 (Fla. 1st DCA 1984), pet. for rev. dismissed, 472 So.2d 1180 (Fla. 1985); Ursin v. *615 Law Enforcement Insurance Co., 450 So.2d 1282 (Fla. 2d DCA 1984), approved, 469 So.2d 1382 (Fla. 1985). See also State, Department of Health and Rehabilitative Services v. Yamuni, 529 So.2d 258 (Fla. 1988); Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912 (Fla. 1985).
With respect to the section 1983 claim, we need not consider whether the sheriff would be immune, as a state officer, from a suit for damages under the Federal Civil Rights Act pursuant to Hill v. Department of Corrections, State of Florida, 513 So.2d 129 (Fla. 1987), because negligent conduct by personnel, alone, is not sufficient to impose liability under the Act in the absence of official sanction, decision, or policy. See Beard v. Hambrick, 396 So.2d 708 (Fla. 1981); City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). See also Raben-Pastal v. City of Coconut Creek, 14 F.L.W. 271 (Fla. 4th DCA Jan. 25, 1989).
However, it was error to enter a summary judgment on the negligence claim. Issues of fact remain to be resolved on the allegations of breach of duty and negligent supervision in allowing the "houseman" to hang a sheet in the cell so as to shield his acts from observation. Unlike decisions in the selection of trustees or placement of inmates, these alleged acts of indifference by the jail staff to the plight of the plaintiff at the time of the incident are not immunized. Cf. Dunagan v. Seely, 533 So.2d 867 (Fla. 1st DCA 1988); Spann v. State, Department of Corrections, 421 So.2d 1090 (Fla. 4th DCA 1982), rev. denied, 430 So.2d 452 (Fla. 1983).
Therefore, the summary judgment is affirmed in part and reversed in part, and we remand for further proceedings on the negligence claims.
HERSEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] Although not cited by either party, we are not unmindful of the opinion of this court in State, Department of Health and Rehabilitative Services v. Whaley, 531 So.2d 723 (Fla. 4th DCA 1988). However, it is clear that the conclusion in that opinion was directed to the state's duty with respect to juveniles.