548 So.2d 883 (1989)
John R. HUTCHINSON, Jr., et al., Appellants,
v.
Claude W. MILLER, Etc., et al., Appellees.
No. 88-2453.
District Court of Appeal of Florida, Fifth District.
September 14, 1989.
Susan K.W. Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for appellants.
Julius F. Parker, Jr. of Parker, Skelding, Labasky and Corry, Tallahassee, for appellees.
*884 ORFINGER, Judge, Retired.
Appellants, John and Deborah Hutchinson, individually and on behalf of the estate of John Hutchinson III, their deceased 15 year old son, filed an action for damages against Claude Miller, individually and as Sheriff of Brevard County, Florida, and Deputies William Wojahn and James Stiles, individually, alleging both state and federal claims for damages which they incurred when their son hanged himself while confined in the Brevard County jail. We reverse the summary final judgment entered in favor of the defendant Claude Miller, as Sheriff of Brevard County, Florida, but otherwise affirm.

STATE CLAIM
Appellants first argue for reversal because they were not given the requisite notice[1] that defendants' motion for summary judgment would be heard at the pre-trial conference. This point is without merit because the motion, filed some 40 days prior to the hearing, was argued at the pre-trial conference by both parties without objection by the appellants. The notice requirement of the rule is not jurisdictional and can be waived. See Bartlett Construction Co, Inc. v. Coastal Plains, Inc., 353 So.2d 892 (Fla. 3d DCA 1978); Bernard Marko & Associates, Inc. v. Steele, 230 So.2d 42 (Fla. 3d DCA 1970). Moreover, after the pre-trial conference appellants submitted a memorandum of law in opposition to the motion for summary judgment without voicing any objection to the now claimed insufficiency of notice. The failure to give notice was thus waived.
There is merit, however, to appellants' contention that the existing record revealed disputed issues of fact so that appellees were not entitled to a summary judgment as a matter of law. A brief outline of the facts, viewed in the light most favorable to appellants as the nonmoving party,[2] is necessary. John Hutchinson III, a 15 year old boy, was being held in the Brevard County jail awaiting trial on a criminal charge. During his incarceration John was placed in an overcrowded cell in which there was only a mattress on the floor on which he was to sleep. He was frequently teased and harassed by the other juvenile inmates, was deprived of his food and bedding by them and usually was seen either crying or cowering in the corner of the cell. John's cellmates repeatedly threatened John with homosexual activity. These threats were made within earshot of the corrections officers. One cellmate in particular who was eighteen years of age and incarcerated on sexual battery charges often threatened John with sexual battery and actually committed batteries upon John on at least two occasions, once pulling down John's pants and another time holding him down and combing his hair against his will. The hair combing incident occurred the day of John's death, and a guard who was called to the cell ordered the older boy to release John. After this incident the other cellmates asked to be taken outdoors for recreation. John was lying on the floor facing the wall with his back to Officer Stiles when Stiles asked whether John wanted to go outside also. John shook his head in the negative. Officer Stiles handcuffed the other cellmates and took them outside, leaving John alone in the cell. Officer Stiles failed to inform any other officer that John was left alone in the cell and failed to make provisions for John to be checked on every 15 minutes, as required by the policy of the department. It was not until about an hour later that Sgt. Wojahn, upon asking to speak to John *885 about the incident, learned John had been left in his cell. Sgt. Wojahn immediately dispatched an officer to check on John where he was found hanged in his cell.
A jail trusty, Tommie Studstill, testified by deposition that he witnessed the physical abuse and attempted sexual abuse of John by the other inmates. Studstill saw that John was withdrawn, often crying and curled up in a corner of his cell, and testified that he reported these incidents to the guards, as well as John's statements that he was scared. He testified also that he delivered to various guards three inmate requests written by John, the last two of which he read, and the last of which he delivered to Sergeant Wojahn approximately two hours before John's death. These requests were for a transfer to another cell, because he (John) was being picked on, beat up, threatened and was scared. None of these requests was acted upon. Studstill also testified that several of the guards actually observed the way John was abused by the other inmates and that one guard saw the hair combing incident and heard other threats of sexual abuse.
In granting the summary judgment, the trial court relied on the opinion in Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980), where the appellate court held that the sheriff of Santa Rosa County was not liable for the death of an inmate who hanged himself with his belt, because such death was not a probable consequence of the failure to remove his belt, and thus was not foreseeable.[3] However, in the case before us, the taunts of the other inmates, their physical and mental abuse of the decedent, coupled with his withdrawal, his crying and his written appeals for help via his requests for transfer, all of which were known to the appellees, could justify the inference that some harm to decedent was foreseeable. As noted by the court in Budet v. K-Mart Corp., 491 So.2d 1248 (Fla. 2d DCA 1986):
In order for injuries to be a foreseeable consequence of a negligent act, it is not necessary that the initial tortfeasor be able to foresee the exact nature and extent of the injuries, or the precise manner in which the injuries will occur. It is only necessary that the tortfeasor be able to foresee that some injury will likely result in some manner as a consequence of its negligent act. Leib v. City of Tampa, 326 So.2d 52 (Fla. 2d DCA 1976); Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), petition for review denied, 411 So.2d 380 (Fla. 1981). If the harm that occurs is within the scope of danger created by a defendant's negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence. Crislip. The question of foreseeability as it relates to proximate cause and whether an intervening cause is foreseeable is for the trier of fact. See Crislip.

Id. at 1251.
Clearly, the sheriff and his deputies owed the decedent the duty to use reasonable care for his safety while he was incarcerated.[4] Whether the appellees were negligent in failing to protect the decedent, and whether the harm which befell him, albeit at his own hand, was within the scope of such negligent conduct so as to make such harm reasonably foreseeable under the facts here, are issues for the trier of fact. See also Overby v. Wille, 411 So.2d 1331 (Fla. 4th DCA), pet. for rev. denied, 419 So.2d 1196 and 419 So.2d 1201 (Fla. 1982) (Where arrestee made known to police his mental condition and behaved in irrational manner, the foreseeability of arrestee's suicide was a question for the jury). See generally 79 A.L.R.3d 1210 "Civil Liability of Prison or Jail Authorities for Self-Inflicted Injury or Death of Prisoner."

FEDERAL CLAIM
Appellants contend also that the court erred in granting summary judgment on their civil rights claim under 42 U.S.C. § 1983, *886 based upon evidence that the jailer did not follow the established policy of visually checking the juvenile cells every 15 minutes. We disagree. Such facts do not rise to the level of deliberate indifference required to sustain a § 1983 action. The conduct for which liability attaches under this section must be more than negligence, Estelle v. Gamble, 429 U.S. 97 at 105-106, 97 S.Ct. 285, at 291-92, 50 L.Ed.2d 251 (1976), it must demonstrate deliberateness tantamount to an intent to punish. Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1345, 103 L.Ed.2d 814 (1989). On the evidence before the court at the summary judgment hearing, no such showing was made. The trial court correctly granted summary judgment with respect to the civil rights claim. In the light of this holding, it is unnecessary to discuss the question of qualified immunity of the individual officers.

SOVEREIGN IMMUNITY
Lastly, appellees support the judgment on the basis of sovereign immunity, but we reject that contention as to the Office of the Sheriff. While establishing policies for detention of juveniles may be a planning level activity, that is not the basis of the action here. Instead, plaintiffs sue on allegations of negligence in performance of established duties, and for failure to follow the policies already established. These are operational level activities and sovereign immunity does not bar this action. See Green v. Inman, 539 So.2d 614 (Fla. 4th DCA 1989); Dunagan v. Seely, 533 So.2d 867 (Fla. 1st DCA 1988); Dept. of Health & Rehab. Serv. v. Whaley, 531 So.2d 723 (Fla. 4th DCA 1988). Thus, a cause of action is asserted against the Office of the Sheriff. However, the individual defendants are protected from suit because of section 768.28(9)(a), Florida Statutes (1985), which provides in pertinent part:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property... .
Nothing in the record reveals bad faith, malicious purpose or willful disregard of the deceased's rights, so the individual officers are exempt from suit. The summary judgment as to those individuals is therefore affirmed. See Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981); Kaisner v. Kolb, 509 So.2d 1213 (Fla. 2d DCA 1987).
Summary judgment is reversed as to the state claim against the Office of the Sheriff and affirmed with respect to the federal claims and with respect to the state claims against the individual officers.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAUKSCH, J. and MCNULTY, J.P., Associate Judge, concur.
NOTES
[1] Florida Rule of Civil Procedure 1.510(c) provides, in pertinent part, that the motion for summary judgment shall be served at least 20 days before the time fixed for the hearing.
[2] A summary judgment should not be granted unless, construing all the evidence most favorably to the non-moving party, there is no genuine issue of material fact and the movant is entitled to a summary judgment as a matter of law. Landers v. Milton, 370 So.2d 368 (Fla. 1979); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); O'Connell v. Walt Disney World Company, 413 So.2d 444 (Fla. 5th DCA 1982). The party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the non-moving party. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Howell v. Brock, 530 So.2d 473 (Fla. 5th DCA 1988).
[3] The court noted that the deceased had never threatened suicide, had demonstrated no overt suicidal tendencies and was expected to bond out the next morning. 389 So.2d at 271.
[4] Restatement of Torts (Second) § 314A.