LEVINE, J.
The issue presented is whether the execution of a form, which rejects uninsured motorist coverage, absolves the insurance agency and its agent of liability for negligently failing to procure uninsured motorist coverage. We find that it does, since section 627.727(9), Florida Statutes (2007), creates a conclusive presumption that an informed and knowing rejection of uninsured motorist coverage was made.
Appellant filed a complaint for negligence, negligent misrepresentation, and vicarious liability against the appellee insurance agency and its employee. Appellant alleged that, when he was obtaining insurance, appellee failed to offer or inform him of uninsured motorist coverage and advised him that uninsured motorist cover *412 age was unnecessary to be fully protected. Appellee responded to the complaint with a motion to dismiss, pointing out that appellant’s father, who executed the insurance policy that covered appellant, had signed a form rejecting uninsured motorist coverage.
Initially, the trial court denied the motion to dismiss, relying on Adams v. Aetna Casualty & Surety Co., 574 So.2d 1142, 1155 (Fla. 1st DCA 1991), which stated that the signing of an uninsured motorist rejection form did not necessarily give rise to a conclusive presumption that the insured had a full understanding of uninsured motorist coverage. At a rehearing, the trial court reversed its ruling after determining that the Adams case was based on an earlier version of section 627.727 and that the current law stated that execution of the form waiving uninsured motorist coverage created a conclusive presumption that the rejection of coverage was informed and knowing. The trial court granted the motion to dismiss, and this appeal ensues.
We review the trial court’s granting of the motion to dismiss for failure to state a cause of action under a de novo standard of review. Goodall v. Whispering Woods Ctr., L.L.C., 990 So.2d 695, 697 (Fla. 4th DCA 2008). “In reviewing an order granting a motion to dismiss, this court’s gaze is limited to the four corners of the complaint. The facts alleged in the complaint must be accepted as true and all reasonable inferences are drawn in favor of the pleader.” Id. (citation and internal quotation marks omitted).
Section 627.727(1) requires that uninsured motorist coverage be applicable to all, unless “an insured named in the policy makes a written rejection of the coverage on behalf of all insureds under the policy.” § 627.727(1), Fla. Stat. (2007). The statute was amended in 1984 to include the following: “If this form is signed by a named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations.” § 627.727(9), Fla. Stat. (2007); see also Auger v. State Farm Mut. Auto. Ins. Co., 516 So.2d 1024, 1024 (Fla. 2d DCA 1987) (discussing the 1984 amendment to section 627.727).
The conclusive presumption of the statute forestalls appellant’s claim that he was not offered or informed of uninsured motorist coverage. “The presumption created by § 627.727 cannot be rebutted by testimony that the person signing the rejection form did not read it. The consequences of signing any document or contract cannot be avoided by merely testifying that the document or contract was not read.... ” White v. Allstate Ins. Co., 530 So.2d 967, 969 (Fla. 1st DCA 1988).
Appellant concedes that the statute would prevent him from challenging the waiver of uninsured motorist coverage against the insurance company, but appellant argues that, based on Adams, a claim against the insurance agent could still be valid. We believe that Adams is inapplicable, since the First District relied on the 1982 version of section 627.727,[1] which did not contain the current clear declaration that, if the uninsured motorist rejection form is signed, it “shall be conclusively presumed that there was an informed, knowing acceptance of such limitations.” § 627.727(9), Fla. Stat. (2007). This conclusive presumption applies whether in a case against the insurance company for coverage or against the insurance agency and its agent. It would not make sense to enforce this conclusive presumption against an insurance company on a coverage issue, recognizing that the written re *413 jection was informed and knowing, and not equally recognize the same action of written rejection of insurance as informed and knowing, where the claim is against an insurance agent instead.
Therefore, we find the trial court was correct, and we affirm the trial court’s dismissal and enforce the text of the statute.

Affirmed.

POLEN and CIKLIN, JJ., concur.

. See Adams, 574 So.2d at 1144.