# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**CHARLES WILLIAMS,**
Appellant,

v.

**GREGORY TONY,** as Sheriff of Broward County Florida**, ARMOR CORRECTIONAL HEALTH SERVICES, INC.,**
and **WANDA LOWES, R.N.,**
Appellees.

No. 4D20-1342

[May 5, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol Lisa Phillips, Judge; L.T. Case No. CACE 14-023944 (25).

Joseph M. Pustizzi of the Law Office of Joseph Pustizzi, P.A., Hollywood, and Gregory Durden of Gregory Durden, P.A., Fort Lauderdale, for appellant.

Geoffrey B. Marks of Billbrough & Marks, P.A., Coral Gables, for appellee Sheriff Gregory Tony.

Louis Reinstein of Kelley Kronenberg, Fort Lauderdale, for appellees Armor Correctional Health Services, Inc., and Wanda Lowes, R.N.

DAMOORGIAN, J.

Charles Williams ("Appellant") appeals the trial court's final judgment dismissing his second amended complaint with prejudice, which alleged negligence and excessive use of force against Gregory Tony, as Sheriff of Broward County ("Sheriff"), negligence against Armor Correctional Health Services, Inc. ("Armor"), and medical negligence against Wanda Lowes, R.N. ("Nurse") (collectively "Appellees"). All of Appellant's counts against Appellees stemmed from an alleged beating that he sustained at the hands of Broward County Sheriff's Office ("BSO") detention officers while an inmate at the Broward County Jail.

On appeal, Appellant argues that the trial court erred in dismissing his lawsuit with prejudice because the complaint contained sufficient allegations to state causes of actions against Appellees. Alternatively, Appellant argues that the trial court should have granted him leave to amend the complaint. We affirm the dismissal of the medical negligence count against Nurse without further comment. For the reasons discussed below, we reverse the dismissal of the negligence count against Sheriff[1] and affirm the dismissal of the negligence count against Armor.

The following allegations in the complaint are relevant to our decision. Appellant alleged he suffered from schizophrenia and had a long history of mental illness. He was arrested for trespass and taken to the Broward County Jail. Armor provided inmate medical services for BSO at the jail. Nurse, who was employed with Armor, performed Appellant's medical intake. Despite noting that Appellant was rude, defiant, and had poor eye contact, Nurse did not perform a mental illness evaluation.

A few weeks later, while still in custody, Appellant brought food from the dining area into his cell in violation of the jail's policy. During a routine search of his cell, detention officers found the food and advised Appellant it was not allowed; however, Appellant was unable to comprehend why he could not have food in his cell. After detention officers repeatedly tried to explain to Appellant that he was not allowed to have food in his cell, Appellant jumped off his bunk and clenched his fists while facing the detention officers. The detention officers restrained Appellant with such force that he lost consciousness and suffered serious injuries, including "head trauma, periorbital bruises, swelling of the left eye, various facial lacerations, and a fractured orbital bone."

Appellant filed suit against Sheriff, Armor, and Nurse and subsequently amended his complaint. Relevant to this appeal, the second amended complaint ("the complaint") alleged causes of actions for negligence against Sheriff and Armor. Appellees ultimately moved to dismiss the complaint with prejudice for failure to state a cause of action, which the trial court

---

[1] Although the complaint also included a claim for excessive use of force against Sheriff, Appellant presents no argument on appeal challenging the trial court's dismissal of that count. Thus, Appellant is deemed to have abandoned that issue and this Court will not address the dismissal of the excessive use of force count. *See Prince v. State*, 40 So. 3d 11, 13 (Fla. 4th DCA 2010) ("An appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue . . . ."); *Anheuser-Busch Cos. v. Staples*, 125 So 3d 309, 312 (Fla. 1st DCA 2013) (appellate court concluding that it was "not at liberty to address issues that were not raised by the parties").

2

granted. At no point in time did Appellant seek leave to amend the complaint for the third time. This appeal follows.

We first address the issue of whether the facts alleged in the complaint, which we are bound to accept as true, sufficiently stated causes of actions for negligence against Sheriff and Armor. *Mitleider v. Brier Grieves Agency, Inc.*, 53 So. 3d 410, 412 (Fla. 4th DCA 2011).

Starting with the negligence count against Sheriff, the complaint alleged:

- Sheriff "and his deputies owe a duty to use reasonable care for the safety of persons while incarcerated[,]" which "applies to the inmates being safe from mistreatment of correctional officers."

- Sheriff and his deputies owed a duty to use reasonable care for the safety of those incarcerated and cited Sheriff's Use of Force Policy, which provides:

  > It is the policy of the Department of Detention to establish procedures for the application of force, when necessary, to protect staff, others, property, and the prevention of escapes in accordance with appropriate statutes regarding use of force. The use of force will not be for the purpose of corporal punishment, personal abuse, or harassment. A written report is required immediately following the use of force. All security staff will be trained in the DOD Use of Force policy.

- Sheriff "has a policy against detention officers' use of force objectively unreasonable under the circumstances" and "[t]he actions of the detention officers [were] unreasonable and unnecessary because [Appellant] presented no harm to the detention officers."

- The "detention officers" breached their duty "by applying such force that was unreasonable under the circumstances," and that breach caused Appellant to suffer severe injuries.

The courts of this state have long recognized that law enforcement owes a duty of care for the safety of those persons taken into custody. *See Henderson v. Bowden*, 737 So. 2d 532, 538–39 (Fla. 1999) ("A person taken into custody . . . is owed a common law duty of care. Numerous

3

cases have recognized that this duty of exercising reasonable care exists and that it is an operational level function." (citations and internal quotation marks omitted)); *Dep't of Health & Rehab. Servs. v. Whaley*, 574 So. 2d 100, 103 (Fla. 1991) (reiterating that "[a] person taken into custody . . . is owed a common law duty of care" (citation and internal quotation marks omitted)); *Hutchinson v. Miller*, 548 So. 2d 883, 885 (Fla. 5th DCA 1989) ("Clearly, the sheriff and his deputies owed the decedent the duty to use reasonable care for his safety while he was incarcerated."). On this point, although Sheriff argues the written agency procedures do not create an independent duty of care and that Appellant did not sufficiently plead facts for a cause of action for negligence, he concedes that he has a common law duty to use reasonable care for the safety of inmates.

We hold Appellant alleged an independent, common law duty of reasonable care by Sheriff and the detention officers charged with his supervision. Although Appellant's negligence count did reference Sheriff's use of force policy, Appellant's complaint stated a cause of action against Sheriff for negligently failing to fulfill its independent duty of care because the detention officers allegedly used excessive force. *See Kelley v. Rice*, 670 So. 2d 1094, 1095–97 (Fla. 2d DCA 1996) (concluding "that [plaintiff] has sufficiently asserted a cause of action for [the sheriff's] alleged simple negligence in carrying out his custodial duties to survive a motion to dismiss" where sheriff failed "to see that [plaintiff] was furnished medical care" while in jail); *Hutchinson*, 548 So. 2d at 885 ("Whether the [sheriff and his deputies] were negligent in failing to protect the decedent, and whether the harm which befell him, albeit at his own hand, was within the scope of such negligent conduct so as to make such harm reasonably foreseeable under the facts here, are issues for the trier of fact.").

Having determined that there was potential tort liability, we turn to whether sovereign immunity bars this action. Appellant's allegations bring into question Sheriff's breach of performance of custodial duties and obligations to Appellant as an inmate. Thus, Appellant's allegations appear to be regarding Sheriff's "negligence in performance of established duties, and for failure to follow the policies already established. These are operational level activities and sovereign immunity does not bar this action." *Hutchinson*, 548 So. 2d at 886; *see also Harris v. Monds*, 696 So. 2d 446, 446 (Fla. 4th DCA 1997) (holding that the common law duty of reasonable care by the correction officers charged with inmate supervision "is an operational level function not protected by sovereign immunity"); *Ferguson v. Perry*, 593 So. 2d 273, 278 (Fla. 5th DCA 1992) (holding that "[t]he alleged negligent failure to comply with the duty to provide medical

4

care to [person in custody] is an operational level activity for which the sheriff is not immune from suit").

Thus, as the complaint alleged facts sufficient to state a cause of action for negligence against Sheriff, and as sovereign immunity does not apply, we reverse the dismissal of the negligence count against Sheriff and remand for further proceedings.

Turning to the negligence count against Armor, the complaint alleged:

- Armor and Sheriff had a medical services contract that "was for the benefit of third party inmates, such as [Appellant]."

- Armor and Sheriff's contract imposed duties on Armor to "ensure adequate training of jail medical personnel and detention officers, develop policies, procedures, and protocols for mental health, and provide qualified personnel to conduct, supervise, and review intake screenings to determine whether further evaluation is necessary."

- Armor breached its duty "by failing to provide qualified personnel to conduct, supervise, and review intake screenings and failed to provide mental health training to jail personnel and detention officers."

The contract between Armor and Sheriff, which was attached as an exhibit to the complaint, provides in relevant part:

## I. <u>NO THIRD PARTY BENEFICIARIES</u>

This Agreement is for the benefit of the parties hereto, and is not entered into for the benefit of any other person or entity, including but not limited to Inmates. Nothing in this Agreement shall be deemed or construed to create or confer any benefit, right or cause of action for any third party or entity.

"To claim the protection of [a] contract, [a party] must establish it was an intended third-party beneficiary of it." *Esposito v. True Color Enters. Constr., Inc.*, 45 So. 3d 554, 555 (Fla. 4th DCA 2010). The reason being that "[a] person who is not a party to a contract may not sue" to enforce its terms "where that person receives only an incidental or consequential benefit from the contract." *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1030–31 (Fla. 4th DCA 1994). "A party is an

5

intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong." *Id.* at 1031.

Here, the contract between Armor and Sheriff, which was attached to the complaint, clearly provides that it creates no right or cause of action to a third-party. *See Haslett v. Broward Health Imperial Point Med. Ctr.*, 197 So. 3d 124, 127 (Fla. 4th DCA 2016) ("Where the exhibits negate the cause of action asserted, they must control."); *Hoffman v. Boyd*, 698 So. 2d 346, 349 (Fla. 4th DCA 1997) ("The plain language of the written contracts attached as an exhibit to the complaint would control over any contrary allegations in any subsequent amended complaint."). Nonetheless, Appellant now maintains his "claim is not contingent on the existence of a contract or status as a third party beneficiary" and "Armor owed Appellant the requisite duty of care" in providing service upon his intake into the jail. However, a plain reading of the allegations establishing Armor's duty are expressly based upon Armor's contractual obligations to Sheriff. Accordingly, the trial court correctly determined that Appellant was not an intended beneficiary under the contract and, therefore, Appellant's claim of negligence arising out of a breach of Armor's contractual obligations to Sheriff failed to establish a claim against Armor. *See Weimar v. Yacht Club Point Est., Inc.*, 223 So. 2d 100, 103 (Fla. 4th DCA 1969) (holding that when "there are no allegations of a breach of a duty apart or independent from the contract, privity of contract must exist between the person charged with the negligence and the person who has been injured by such breach").

We next address Appellant's alternative argument that, in the event the complaint failed to allege sufficient facts, the trial court should have granted him leave to amend the second amended complaint. Appellees counter that Appellant waived any claim that he was entitled to amend his complaint for a third time because he failed to request leave to amend before or after the court dismissed the complaint. We agree with Appellees.

This court has consistently held that "a party who does not seek to amend in the trial court cannot raise the issue of amendment for the first time on appeal." *See Stander v. Dispoz-O-Prods., Inc.*, 973 So. 2d 603, 605 (Fla. 4th DCA 2008) (holding that the plaintiff waived the right to challenge the dismissal with prejudice because, when the trial court orally "announced that it was dismissing with prejudice," the plaintiff merely responded "Thank you, your Honor" and "did not request leave to amend the complaint, nor did plaintiff move for rehearing to amend after the order of dismissal was entered"); *Lutz v. Protective Life Ins. Co.*, 951 So. 2d 884,

888 (Fla. 4th DCA 2007) (declining to address the merits of appellant's argument that he should have been afforded the opportunity to amend his complaint because the argument was raised for the first time on appeal); *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1198 (Fla. 4th DCA 2006) ("Failure to seek leave of court or written consent of [the] adverse party to amend [a] complaint prior to dismissal with prejudice and failure to then move for a rehearing requesting leave to amend, precludes raising [the] issue for [the] first time on appeal." (alterations in original) (quoting *Johnson v. RCA Corp.*, 395 So. 2d 1262, 1263 (Fla. 3d DCA 1981))); *RHS Corp. v. City of Boynton Beach*, 736 So. 2d 1211, 1213 n.2 (Fla. 4th DCA 1999) (noting that the issue of dismissal of claim with prejudice was not preserved because the record did not disclose that appellant ever requested leave to amend).  Thus, by failing to petition the trial court for leave to amend his complaint and obtain a ruling, Appellant waived any right to petition this Court to grant him such relief.

*Affirmed in part, reversed in part, and remanded.*

WARNER AND MAY, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

7