510 So.2d 990 (1987)
Beady PARKER, Individually and As Personal Representative of the Estate of Robert Parker, Deceased, Appellant,
v.
Grady MURPHY, Appellee.
No. BN-176.
District Court of Appeal of Florida, First District.
July 9, 1987.
Rehearing Denied August 25, 1987.
*991 Stephen A. Smith, of Stephen A. Smith, P.A., Lake City, for appellant.
Gayle Smith Swedmark, of Parker, Skelding, Costigan, McVoy & Labasky, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a summary final judgment by which it was determined that the action below was barred by the doctrine of sovereign immunity. In reaching this conclusion the court found the allegations of negligence in the complaint to be predicated upon discretionary governmental functions or policy decisions. We affirm the order appealed.
Appellant sought damages for injuries and losses sustained by herself and her deceased husband when an escaped prisoner attacked them in their home. Appellant alleged that this prisoner had a history of escape from custody when he was assigned to a road maintenance crew working in Taylor County, Florida. It was further alleged that the prisoner escaped from this road crew and attacked appellant and her husband, after which he was recaptured and placed in the custody of appellee, the sheriff of Taylor County. It was alleged that the prisoner thereafter escaped from such custody by overpowering a jailer while being returned to his cell after conferring with his attorney, and that upon escaping confinement the prisoner returned to appellant's home where he again attacked her and her husband, and stole their automobile. Asserting that the prisoner escaped due to appellee's negligence, appellant alleged that appellee was responsible for:
Negligently failing to have the prisoner properly shackled or bound.
Negligently allowing the prisoner to have access to areas of the jail where there were no locks, doors or other barriers between the prisoner and the outside.
Negligently failing to have the doors of the jail locked.
Permitting the prisoner to have a conference with his attorney in an unsecured conference room at a time when there was [sic] inadequate personnel and facilities available.
In ruling that the action against appellee was barred by the doctrine of sovereign immunity, the court below relied upon decisions of the Florida Supreme Court in Everton v. Willard, 468 So.2d 936 (Fla. 1985), and Reddish v. Smith, 468 So.2d 929 (Fla. 1985). These cases, together with Trianon Park Condominium Assoc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985), establish that governmental decisions as to the enforcement of laws and the protection of citizens from criminal offenses are generally within the category of governmental activity which involves planning and policy judgments beyond the limited waiver of sovereign immunity provided by section 768.28, Florida Statutes. We agree with the court below that appellee's activity, as alleged in the present case, is of this character and that the doctrine of sovereign immunity thus does apply to bar appellant's action. We further agree that no special relationship existed between appellee and appellant or her husband, and there was thus no individual duty of care in the present case. As Everton indicates, the protection of citizens from criminal offenses is a general duty owed to the public as a whole; the circumstances of the *992 present case do not give rise to an individual waiver of the doctrine of sovereign immunity.
The order appealed is affirmed.
THOMPSON, J., concur.
BOOTH, J., dissents in part with written opinion.
BOOTH, Judge, dissenting.
I respectfully disagree with the majority opinion and would hold that sovereign immunity is waived for the operational-level acts committed here and a jury question presented as to the negligence. The decision to allow the prisoner to meet with his attorney in the jail is a policy matter and should be deemed a discretionary function of the sovereign outside the statutory waiver. However, once that decision was made, the carrying out of arrangements made for its effectuation, including place chosen for the meeting and precautions taken or not taken to prevent the prisoner's escape, such as locking a door or applying commonly-used restraints when escorting him between sections of the jail, cannot be raised beyond the level of operational. These acts, if negligent, are of the nature giving rise to liability.[1]
In the event that the recent Supreme Court decisions should be taken as indicating the court's return to the law prior to Commercial Carrier, the special duty exception to immunity for governmental function should, in any event, be applicable here given the special relationship between the parties as evidenced by the fact that the Sheriff of Taylor County accepted the responsibility of incarcerating the prisoner immediately upon his capture following his prior escape, during which he kidnapped, assaulted, and battered the Parkers. As victims of and witnesses to that offense, the Parkers were obvious targets for offenses committed during the second escape. The Supreme Court of Florida has recognized that "if a special relationship exists between an individual and a governmental entity, there could be a duty of care owed to the individual." Everton v. Willard, 468 So.2d 936, 938 (Fla. 1985).
I respectfully dissent.
NOTES
[1] Unlike the negligent acts alleged in Ursin v. Law Enforcement Insurance Company, 450 So.2d 1282 (Fla. 2d DCA 1984), affirmed, 469 So.2d 1328 (Fla. 1985), and Reddish v. Smith, 468 So.2d 929 (Fla. 1985) (negligent assignment of prisoner to trustee kitchen duty and negligent decision to transfer prisoner from one facility to another), the first three acts complained of in the instant case do not constitute discretionary functions under the test set out in Evangelical United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (Wash. 1965), as adopted in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), at 1019.