PER CURIAM.
AFFIRMED. We agree with the appel-lee sheriff that the appellant has failed to demonstrate the existence of a specific legal duty to the appellant, so as to give rise to a cause of action against the sheriff.
In her complaint, appellant alleged that she was the victim of a brutal assault by a man recently released from prison. Previously, the man had escaped and committed a sexual battery in Palm Beach County. The sheriff arrested the escaped prisoner and returned him to the state’s custody. However, because of the sheriff’s alleged failure to properly process a request for a hold on the prisoner, the prisoner was released at the end of his prison term and not held for trial on the sexual battery charge. Several months after his release from prison the man attacked the appellant and this suit was then brought. The trial court dismissed the action.
The Florida Supreme Court held in Everton v. Willard, 468 So.2d 936 (Fla.1985):
The victim of a criminal offense, which might have been prevented through reasonable law enforcement action, does not establish a common law duty of care to the individual citizen and resulting tort liability, absent a special duty to the victim.
See also Trianon Park Condo Ass’n v. City of Hialeah, 468 So.2d 912 (Fla.1985) (government building inspectors owe duty to public at large but not to individuals). Under these decisions, while the sheriff may have had a general duty to proceed against the prisoner and to see that he was held to face prosecution on the sexual battery charge, the sheriff owed no specific duty to the appellant sufficient to give rise to a cause of action for its breach.
GLICKSTEIN, C.J., and ANSTEAD and GUNTHER, JJ„ concur.