661 So.2d 1232 (1995)
Carl GRACE, a minor, By and Through his grandmother and next friend, Lessie WILLIAMS, Appellant,
v.
The CITY OF MIAMI, Appellee.
No. 93-2226.
District Court of Appeal of Florida, Third District.
October 5, 1995.
Rehearing Denied November 8, 1995.
*1233 Paul W. Humbert, for appellant.
A. Quinn Jones, III, City Attorney, and Kathryn S. Pecko and Leon M. Firtel, Assistant City Attorneys, for appellee.
Before HUBBART, BASKIN and GREEN, JJ.
BASKIN, Judge.
We reverse the final summary judgment in favor of defendant, City of Miami [City] on a negligent supervision claim. Once the City undertakes to provide a lunch program for children at a city-owned park, it assumes the duty to operate the program safely. See Avallone v. Board of County Comm'r, 493 So.2d 1002 (Fla. 1986) (when county undertakes to operate a swimming facility it must do so safely); City of Milton v. Broxson, 514 So.2d 1116 (Fla. 1st DCA 1987) (same; park), review dismissed, 537 So.2d 568 (Fla. 1988); Comuntzis v. Pinellas County Sch. Bd., 508 So.2d 750 (Fla. 2d DCA 1987) (same; school). Whether it is foreseeable that a young child of plaintiff's age would attend a lunch program and require supervision is a question for the trier of fact. Therefore, we may not conclude that the City owed plaintiff no duty to provide supervision, and summary judgment on the issue of negligent supervision was error. See Avallone. Moreover, the record reveals that genuine issues of material fact remain unresolved regarding the operational conditions of the lunch program rendering disposition of this case by summary judgment inappropriate. Moore v. Morris, 475 So.2d 666 (Fla. 1985).
We affirm the summary judgment on the negligent design claim, finding that the doctrine of sovereign immunity bars this claim. Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912, 920 (Fla. 1985).
Affirmed in part; reversed in part and remanded for further proceedings.
Reversed and remanded.
GREEN, J., concurs.
HUBBART, Judge, concurring.
I concur in the court's decision in this case, but write separately to emphasize what is implicit in the court's opinion, namely, that the record as presently developed fails to establish as a matter of law that the City of Miami breached no duty of due care to the two-year old minor plaintiff Carl Grace by not properly supervising the said plaintiff while he was an invitee at a city-owned park, participating in a city-sponsored summer lunch program. This is so because there is utterly no evidence in the record relating to the nature of the summer lunch program  and, in particular, no evidence showing whether or not the program was advertised or otherwise presented to the public as offering child care services for small children such as the two-year-old plaintiff in this case. Indeed, this record contains no affidavits, admissions, answers to interrogatories or sworn proofs of any kind; the City's brief refers to a deposition of the plaintiff's sister, not included in the record, relating to the facts of the accident sued upon but is silent on the nature of the summer lunch program.
As the court correctly notes, the City clearly had a duty to the minor plaintiff to operate the summer lunch program at the park in a safe manner; whether the City breached that duty is, on this record, a question *1234 of fact not suitable for summary judgment disposition. This conclusion necessarily follows because the plaintiff alleges in his complaint that the City, in effect, undertook child care responsibilities in the summer lunch program  and there is nothing in the record which conclusively refutes this allegation. See Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Cutler v. St. John's United Methodist Church of Edwardsville, Ill., 489 So.2d 123 (Fla. 1st DCA 1986). A different question, however, would be presented if it is later shown through sworn proofs  and without any genuine material dispute  that the City advertised or otherwise presented the summer lunch program to the public as embracing services which did not include child care services for small children such as the minor plaintiff.
Speaking solely for myself, I have grave doubts whether the City, by merely offering a free lunch to children who come to a city park to participate in various activities in the park, undertakes typical child care responsibilities of any kind, especially for those children who are too young to participate in park activities and who, as here, wander off the park premises and are tragically hit by a car in the street. Obviously, public parks are open for children of all ages to come during park hours and participate in the various permanent activities [i.e., swings, slides, tether ball, monkey bars] which a park offers; but surely no one would suggest that child care services are implicit in such an invitation and that small children in particular must be watched by the City while in the park lest they wander into the street in front of ongoing traffic. The mere fact that a free lunch for such children is added to this invitation would not appear  at least without more  to change this result. See City of Miami v. Ameller, 472 So.2d 728, 729 (Fla. 1985); Dennis v. City of Tampa, 581 So.2d 1345 (Fla. 2d DCA), rev. denied, 591 So.2d 181 (Fla. 1991). Nonetheless, on this record, it is impossible to determine exactly what the City offered in its summer lunch program, and thus the summary judgment for the City on the negligent supervision claim must be reversed.