662 So.2d 339 (1995)
Randall Jerrold VANN, Petitioner,
v.
DEPARTMENT OF CORRECTIONS, Respondent.
No. 85415.
Supreme Court of Florida.
November 2, 1995.
*340 Edward M. Price, Jr. of Farmer, Price, Hornsby & Weatherford, Dothan, Alabama, for Petitioner.
Cynthia S. Tunnicliff and Davisson F. Dunlap of Pennington & Haben, P.A., Tallahassee, for Respondent.
Loren E. Levy of the Law Offices of Larry E. Levy, Tallahassee, Amicus Curiae for The Academy of Florida Trial Lawyers.
PER CURIAM.
We have for review the following question passed upon by the First District Court of Appeal and certified to be of great public importance:
WHETHER THE STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS, MAY BE HELD LIABLE AS A RESULT OF THE CRIMINAL ACTS OF AN ESCAPED PRISONER?
State Dep't of Corrections v. Vann, 650 So.2d 658, 662 (Fla. 1st DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we answer the certified question in the negative.
The issue in this case is whether the Department of Corrections (the department) may be held liable for the criminal acts of an escaped prisoner.[1] The district court resolved this issue by holding that the department could not be held liable for the criminal acts of an escaped prisoner because no common law duty was owed by the department to protect a particular individual from such potential harm. In a thorough and well-reasoned discussion, Judge Wolf predicated the district court's decision, in substantial part, on principles already established by this Court in Everton v. Willard, 468 So.2d 936 (Fla. 1985), Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla. 1985), and Department of Health & Rehabilitative Services v. Whaley, 574 So.2d 100 (Fla. 1991). The court's holding rests on the following principle, which was previously stated in Everton: "A governmental duty to protect its citizens is a general duty to the public as a whole, and where there is only a general duty to protect the public, there is no duty of care to an individual citizen which may result in liability." Vann, 650 So.2d at 660 (quoting Everton, 468 So.2d at 938). Additionally, although dicta, we noted in Department of Health & Rehabilitative Services v. Whaley, 574 So.2d 100 (Fla. 1991), that "the department of corrections has no specific duty to protect individual members of the public from escaped inmates." Id. at 102-03 n. 1. Because Judge Wolf's opinion accurately reflects our views on this issue, we adopt it as our own.
Accordingly, we answer the certified question in the negative and approve the district court's decision.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] For a complete recitation of the facts, we refer the reader to the district court opinion. See Vann, 650 So.2d at 659-60.