670 So.2d 1053 (1996)
Teresa TUCKER and Tommy Tucker, Her Husband, Appellants,
v.
GADSDEN COUNTY, Florida, Appellee.
No. 94-2580.
District Court of Appeal of Florida, First District.
March 13, 1996.
Rehearing Denied April 17, 1996.
Kevin J. Carroll and Michael P. Bruyere of Macfarlane, Ausley, Ferguson & McMullen, Tallahassee, for Appellants.
*1054 John C. Cooper and Gwendolyn P. Adkins of Cooper, Coppins & Monroe, P.A., Tallahassee, for Appellee.
BOOTH, Judge.
Appellants ("Tuckers") appeal the trial court's final judgment granting Appellee Gadsden County's ("County") summary judgment motion. We reverse and remand for further proceedings.
The Tuckers sued the County under theories of negligent maintenance and failure to warn, alleging that on January 3, 1993, in the face of headlights from oncoming traffic, Mrs. Tucker approached the right-hand shoulder of Rich Bay Road (a County-maintained dirt road), and "[t]he loose dirt roadway and edge caused Mrs. Tucker's vehicle to plunge over the edge and into the ditch, flipping her vehicle" and breaking her neck. After substantial discovery in the case, the County moved for summary judgment, asserting, inter alia, that there was no evidence that the County negligently maintained Rich Bay Road and that its designation of the type of warning used (i.e., road-side reflectors) was a planning level decision for which the County was immune from suit under the doctrine of sovereign immunity. After a hearing on the matter, the trial court granted the motion and rendered final judgment for the County.
The Tuckers argue on appeal that the County is not protected by the doctrine of sovereign immunity, and that the trial court erred by granting the County's motion for summary judgment. The County argues that the trial court properly entered summary judgment on the issues of negligent maintenance and failure to warn.
A governmental entity may be held liable for failing to properly maintain existing roads. Department of Transp. v. Neilson, 419 So.2d 1071, 1078 (Fla.1982); Freeman v. Taylor County, 643 So.2d 44, 45 (Fla. 1st DCA 1994). In the present case, while there is no dispute that the County regularly maintained Rich Bay Road, there is substantial dispute regarding whether its method of maintenance (i.e., "blading") was itself negligent. See Foley v. Department of Transp., 422 So.2d 978, 980 (Fla. 1st DCA 1982) (reversing summary judgment for DOT, holding, "We do not feel that governmental immunity can be invoked by simply showing that DOT formulated and adhered to a schedule of road maintenance at the accident site."). For example, the chief of operation for the County road department testified that blading makes a road smoother, but not any safer, and in fact "could make it a little dangerous." Similarly, a highway and traffic engineering consultant retained by the Tuckers averred that "[b]ecause of the manner in which the roadway was maintained, the edges of the roadway were not compacted and could collapse under the weight of a vehicle." Thus, genuine issues of material fact exist as to whether the County negligently maintained Rich Bay Road, and summary judgment on this issue was improper.
A governmental entity's failure to upgrade or improve an existing road is a judgmental, planning level decision which is immune from tort liability under the doctrine of sovereign immunity. Neilson, 419 So.2d at 1077. However, "when a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational-level arises to warn the public of, or protect the public from, the known danger." City of St. Petersburg v. Collom, 419 So.2d 1082, 1083 (Fla.1982).
In the present case, genuine issues of material fact exist under Collom. For example, genuine issues of material fact exist regarding whether the County created and had knowledge of the allegedly dangerous condition. As discussed above, the chief of operations for the County road department testified that the County's practice of blading the road "could make it a little dangerous." Moreover, although denied by the County road official in question, a Florida Highway Patrol sergeant averred that prior to Mrs. Tucker's accident, she (the sergeant) told a County road official of dangerous conditions on Rich Bay Road at the site where Mrs. Tucker's accident would later occur, and urged him to take measures to safeguard motorists from these conditions.
Genuine issues of material fact also exist regarding whether the allegedly dangerous *1055 condition was readily apparent. Mrs. Tucker testified that she had driven on Rich Bay Road for a number of years and was aware of its narrowness, was familiar with the curve and culverts, and knew that the soil might be less compact than if the road had not been recently graded. At the time of the accident, however, Mrs. Tucker was confronted with the headlights of a car, which prompted her to move toward the edge of the road. The sergeant and a highway and traffic engineer averred that the allegedly dangerous condition would not be readily apparent to motorists.
Genuine issues of material fact also exist regarding whether the County warned of the allegedly dangerous condition. While Mrs. Tucker acknowledged that there was a "No Dumping" sign and at least two short reflector signs on metal posts marking the culvert, the sergeant averred that "there were no signs warning motorists of the danger present," and the highway and traffic engineer averred that the roadway was improperly marked at the time of the accident.
Accordingly, we reverse the final judgment granting the County's summary judgment motion and remand for further proceedings.
REVERSED AND REMANDED.
JOANOS and WOLF, JJ., concur.