700 So.2d 711 (1997)
Katherine Ann CREAMER, as Personal Representative of the Estate of Mary Katherine Creamer a/k/a Mary Katherine Shackton Creamer, Deceased, and on behalf of the survivor, Katherine Ann Creamer, individually, Appellants,
v.
Monterio SAMPSON and Everett A. Rice, Sheriff of Pinellas County, Appellees.
No. 96-02538.
District Court of Appeal of Florida, Second District.
August 27, 1997.
Rehearing Denied October 14, 1997.
*712 Stephen L. Segall of Levine, Hirsch & Segall, P.A., Tampa, for Appellant.
Anthony S. Battaglia and Edwin B. Jagger of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Appellees.
BLUE, Judge.
Katherine Ann Creamer, as Personal Representative of the Estate of Mary Katherine Creamer a/k/a Katherine Shackton Creamer, deceased, and on behalf of the survivor, Katherine Ann Creamer, individually, (Creamer) contends on appeal that the trial court erred when dismissing with prejudice her second amended complaint against Everett S. Rice, Sheriff of Pinellas County (Sheriff). The complaint sought damages from Monterio Sampson and the Sheriff for the wrongful death of Mary Katherine Creamer. Because the complaint sufficiently alleged a cause of action for negligent pursuit against the Sheriff, we reverse and remand for further proceedings.
The complaint alleged that Sampson, while operating an automobile, was stopped at a traffic light on Seminole Boulevard in Pinellas County. At the time, although there was nothing unusual about Sampson's car, the car was observed by a Pinellas County deputy sheriff who entered its license plate number into the computer in his patrol car and discovered that the license was registered to another vehicle. Acting upon that discovery, the deputy activated the patrol car's lights and siren, whereupon Sampson accelerated his automobile away from the intersection. The deputy immediately gave chase and allegedly reached a speed of eighty miles per hour. The chase continued for approximately twelve blocks at which point the deputy terminated the pursuit based on an order from his supervisor. Although the pursuit terminated, Sampson continued to flee at an alleged eighty miles per hour, ignoring two red traffic lights. At the second traffic light, Sampson crashed into a vehicle driven by Mary Katherine Creamer, who died as a result of injuries received in the collision. The complaint alleged that the collision between Sampson and Creamer occurred within forty-five seconds after the deputy's supervisor's order to terminate the pursuit.
Creamer alleged the Sheriff was negligent in conducting a high speed pursuit, based only on an improper tag infraction, on heavily travelled streets at a time of day when the traffic was most heavy. She alleged the high speed pursuit created a foreseeable zone of risk and, further, that the pursuit fell below the minimal standards of care applicable to high speed pursuits, thus creating an unreasonably dangerous condition. Finally, Creamer alleged this unreasonably dangerous condition proximately caused or contributed to the death of Mary Katherine Creamer.
*713 The trial court's order granting the Sheriff's motion to dismiss with prejudice found that "the amended complaint fails to state a cause of action against defendant Sheriff Everett S. Rice because the sheriff deputy's decision to terminate the pursuit as alleged in the amended complaint was a `discretionary' act for which the defendant Sheriff Rice enjoys sovereign immunity." We do not read the amended complaint to allege that the negligent act was the determination to terminate the pursuit. Therefore, dismissal on this basis was improper. Indeed, on appeal, the Sheriff does not contend the reason set forth in the trial court's order supports dismissal, but argues there exists a proper basis for the dismissal. The Sheriff contends the complaint's allegations fail to allege facts creating a legal duty by the Sheriff in favor of Creamer and it is the lack of duty that justifies the dismissal with prejudice.
In support of her argument to reverse the trial court's dismissal, Creamer asserts the complaint states a cause of action in conformance with City of Pinellas Park v. Brown, 604 So.2d 1222 (Fla.1992). In support of the dismissal, the Sheriff argues that City of Miami v. Horne, 198 So.2d 10 (Fla.1967), controls and that the complaint's allegations negate any cause of action for negligent pursuit.
Both parties discuss the language in footnote 8 in City of Pinellas Park. It appears the trial court may have relied upon that footnote in dismissing the complaint with prejudice. Footnote 8 contains the following language: "Moreover, we find that police in the present case would have incurred no liability had they honored their departmental policies and discontinued pursuit of Deady, even if Deady later injured someone with his automobile or otherwise." City of Pinellas Park, 604 So.2d at 1227. The quote could make it appear that once pursuit has terminated, all liability arising from the pursuit terminates at that instant. We conclude that the quote, when examined in context of the discussion that precedes it, that is, in relationship to Everton v. Willard, 468 So.2d 936 (Fla.1985), was meant to assure that no liability would enure to the law enforcement agency for its failure to complete the pursuit and arrest the person fleeing that pursuit.
A proper analysis requires that we consider the dichotomy of foreseeability principles set out in McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). McCain explains that foreseeability in negligence consists of two separate elements. The duty element is a legal issue and focuses on whether conduct foreseeably creates a broader "zone of risk" that poses a general threat of harm to others. The proximate cause element presents a factual question and is concerned with whether, and to what extent, conduct foreseeably and substantially causes injury.
Our analysis here is concerned only with the duty element of foreseeability which is the legal threshold requirement "for opening the courthouse doors." We must determine whether the allegations of the complaint are sufficient to satisfy the duty element of negligence. That is, does the complaint satisfactorily state a cause of action based on allegations of negligent conduct creating a broader zone of risk that posed a general threat of harm?
We hold the allegations here, including but not limited to, that the Sheriff pursued a car at a speed of approximately eighty miles an hour on city streets crowded with traffic because the car displayed an improper license tag, satisfactorily meet the pleading standards necessary for negligent pursuit established in City of Pinellas Park and the duty element of foreseeability required by McCain. The proximate causation element of foreseeability remains a question of fact: Did the alleged negligence of the Sheriff foreseeably and substantially cause the damages complained of in this case? We recognize that whether this conduct was the proximate cause of the injury is questionable when the accident occurred some forty-five seconds and some distance from the termination of the pursuit. However, this is a factual question that cannot be determined at the pleading stage of this lawsuit.
Because we have determined the allegations of the complaint are sufficient to create a duty on the Sheriff in a negligent pursuit *714 case, we hold the trial court erred in dismissing the complaint with prejudice.
Accordingly, we reverse the order granting the motion to dismiss with prejudice and remand for further proceedings.
PARKER, C.J., and QUINCE, J., concur.