717 So.2d 1044 (1998)
Sharon SAMS; Sharon Sams as mother and guardian of Markeisha Sams, a minor, and of Shereisa Sams, a minor, Appellant,
v.
Sheriff Stephen OELRICH, in his official capacity as Sheriff of Alachua County, Florida; and Alachua General Hospital, Inc., a Florida Corporation, Appellees.
No. 97-160.
District Court of Appeal of Florida, First District.
April 22, 1998.
Rehearing Denied June 4, 1998.
*1045 Horace N. Moore, Gainesville; Norm La Coe, Gainesville, for Appellant.
John W. Jolly, Jr. and Carl R. Peterson, Jr. of Skelding, Labasky, Corry, Eastman, Hauser, Jolly & Metz, Tallahassee, for Appellee Stephen Oelrich.
*1046 JOANOS, Judge.
Sharon Sams, appellant, seeks review of a grant of final summary judgment in favor of appellee with regard to a negligence action against appellee, in his official capacity as Sheriff of Alachua County. The issues presented concern the duty of care owed by custodial authorities to persons within a zone of risk, and the sovereign immunity exception to common law tort liability principles. We reverse.
The incident giving rise to this appeal occurred May 4, 1991. On that date, a young man was taken into custody by a deputy sheriff, in the aftermath of a thwarted escape attempt. Following the arrest, the deputy took his prisoner to the emergency room for treatment of minor injuries the captured escapee sustained in a motorcycle accident which occurred during his escape attempt. On the same date, and at the same time, appellant was in the emergency room with her two young daughters.
Appellant noticed the young man as she and her daughters prepared to leave the emergency room. According to appellant's testimony, the young man in custody was 20 to 25 years of age, his clothing was disheveled, and any physical injuries he suffered were not discernible upon casual observation. The young man's hands were handcuffed in front of him. Appellant observed an officer within an arm's length of the young man. The officer was writing on something during the period of appellant's observation. As appellant and her daughters approached an exit door, the young man in handcuffs ran for the exit, knocking appellant to the floor and causing her head to strike the glass door. Appellant's daughters also fell or were knocked to the floor. During the scuffle, the young man obtained appellant's keys, and allegedly kicked her several times. The deputy sheriff apprehended the young man before he reached the outer exit doors. After placing the young man under control, the deputy asked appellant whether she had been injured.
Thereafter, a negligence action was filed on behalf of appellant and her daughters, naming Alachua General Hospital and the Alachua County Sheriff as defendants. Alachua General Hospital entered into a settlement with the plaintiffs. At a later date, the trial court entered final summary judgment in favor of the Sheriff, finding the Alachua County Sheriff's Office owed no duty of care to plaintiffs.
This case presents the question whether a governmental entity may be liable in tort for injuries to third persons, when such injuries are the result of a government agent's negligent control of an escapee in custody at the time the injuries were inflicted. Governmental tort liability exists only if there is an underlying common law or statutory duty of care with respect to the allegedly negligent conduct.[1]See Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912, 917 (Fla.1985). Therefore, a determination of a governmental entity's liability for negligence involves an inquiry as to (1) whether the governmental entity owes a common law duty of care to the plaintiff with regard to the alleged negligence, and (2) whether sovereign immunity has been waived with respect to the conduct at issue. See Kaisner v. Kolb, 543 So.2d 732, 734 (Fla. 1989); Trianon Park; State, Department of Corrections v. Vann, 650 So.2d 658, 660 (Fla. *1047 1st DCA), approved, 662 So.2d 339 (Fla. 1995). If a duty is not owed to the plaintiff, the immunity issue does not arise.
The duty of a law enforcement officer to protect the citizenry is a general duty owed to the public as a whole. See Everton v. Willard, 468 So.2d 936, 938 (Fla.1985); Department of Corrections v. Vann, 650 So.2d at 660. In Vann, this court explicated cases in which Florida courts held that the state is not liable to individuals for injuries resulting from the criminal acts of escapees. See, e.g., Department of Health and Rehabilitative Services v. Whaley, 574 So.2d 100, 102-103 n. 1 (Fla.1991); Reddish v. Smith, 468 So.2d 929 (Fla.1985); Parker v. Murphy, 510 So.2d 990 (Fla. 1st DCA 1987); George v. Hitek Community Control Corp., 639 So.2d 661 (Fla. 4th DCA 1994). See also Department of Corrections v. McGhee, 653 So.2d 1091 (Fla. 1st DCA 1995), approved, 666 So.2d 140 (Fla.1996). The cited cases indicate that in the absence of a special relationship between the individual and the governmental entity, a common law duty is not owed to the victim of a criminal offense, even though the offense might have been prevented through reasonable law enforcement. See Everton v. Willard, 468 So.2d at 938.
Such a special relationship may arise between the governmental entity and the tort victim where the conduct of the governmental entity creates a foreseeable zone of risk. The governmental defendant who creates a risk is required to exercise reasonable foresight whenever it appears others may be injured as a result of the government conduct. See City of Pinellas Park v. Brown, 604 So.2d 1222, 1225 (Fla.1992). A foreseeable zone of risk gives rise to a coextensive duty of care as a matter of law. See McCain v. Florida Power Corp., 593 So.2d 500, 504 (Fla.1992). In Everton v. Willard, the supreme court acknowledged that "if a special relationship exists between an individual and a governmental entity, there could be a duty of care owed to the individual." See 468 So.2d at 938. An example of a special relationship which creates a concomitant duty "is illustrated by the situation in which the police accept the responsibility to protect a particular person who has assisted them in the arrest or prosecution of criminal defendants and the individual is in danger due to that assistance." See Everton, 468 So.2d at 938.
It appears the officer's conduct in this case created the "particular person" relationship contemplated by the supreme court in Everton. Further, the special duty in this case also encompasses the duty described in Restatement (Second) of Torts, section 319 (1965):
Duty of Those in Charge of Person Having Dangerous PropensitiesOne who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.
We conclude the duty described in section 319 applies to this case. Consequently, the deputy owed a duty to the persons who were present in the hospital emergency room with the deputy and his prisoner. The deputy's action in taking the escapee to the hospital emergency room created a foreseeable zone of risk to those persons forced to occupy the emergency room with a prisoner in law enforcement custody. Having created this zone of risk, the deputy owed a duty to use reasonable care to protect those persons from potential injury occasioned by their close proximity to an escapee who possibly possessed dangerous propensities. The escapee's relative youth and the minor nature of his injury, together with his prior escape attempt, evidence his potential to cause physical harm to others in the confines of the emergency room. Thus, a concomitant duty was placed upon the law enforcement defendant to lessen the risk to those in the immediate proximity of the prisoner by exercising reasonable care to control the movements of the escapee in his custody.
Assuming the deputy owed a common law duty of care to the occupants of the emergency room, it must be determined whether sovereign immunity has been waived with regard to the subject governmental conduct. Although the decision to make an arrest is a discretionary or judgmental power *1048 that is immune from suit, see Everton, 468 So.2d at 937-938, sovereign immunity does not shield an operational act, i.e., an act taken toward implementing the discretionary or planning level decision. See Kaisner v. Kolb, 543 So.2d at 737.
Here, the deputy exercised his discretionary authority when he arrested the fleeing escapee. While the act of taking the escapee to the hospital emergency room involved a certain degree of discretion, it was not the type of discretion that should be shielded from suit. See Kaisner, 543 So.2d at 737-738. Instead, we view the deputy's post-arrest handling of the escapee as involving operational activities which created a substantial zone of risk. See, generally, Bowden v. Henderson, 700 So.2d 714 (Fla. 2d DCA 1997).
Our review of the issues presented in this appeal has included an examination of those cases which stand generally for the proposition that a governmental entity owes no common law duty of care to individuals to protect them from criminal acts of escapees. See, e.g., Department of Corrections v. McGhee; Department of Corrections v. Vann. The principle is predicated on the theory that law enforcement personnel owe a general duty to protect the public as a whole, but owe no duty to an individual. In each instance in which the governmental entity was held not liable for the criminal acts of an escapee, the criminal acts were perpetrated when the escapee was free of law enforcement custody and control. Although the allegedly negligent circumstances resulting in the escape were different in each case cited, the common thread preserving governmental immunity in the no-liability escape cases was that the criminal act resulting in injury to an individual occurred when the escapee was not in the custody of a law enforcement officer.
It is the escapee's "in custody" status which distinguishes this case from Vann and its progeny. In this case, the escape attempt which resulted in injury to appellant occurred in the presence and purported control of the arresting officer. Further, the attempted escape involved a prisoner who already had demonstrated an ability to elude custody, and in a place not conducive to secure detention. The deputy knew or should have known that the escapee possessed dangerous propensities likely to cause physical harm to persons in the hospital emergency room. This knowledge and the in-custody status of the escapee created a special relationship between the deputy and the persons in the emergency room. Pursuant to that relationship, the deputy owed a duty to those persons to exercise reasonable care to control the escapee. We conclude that under the circumstances of this case, appellants should be afforded an opportunity to attempt to prove that the deputy's postarrest conduct constituted a breach of the duty of reasonable care.
Accordingly, the grant of final summary judgment in favor of appellee/defendant is reversed, and this cause is remanded for further proceedings.
VAN NORTWICK, J., concurs.
WOLF, J., dissents with written opinion.
WOLF, Judge, dissenting.
The sole question in this case is whether the officer in this case owed a duty of care to protect parties in the emergency room from the lawless acts of a person in the officer's custody. The general rule is that a governmental entity has no duty to protect the general public from the lawless acts of third parties. See Vann v. Department of Corrections, 662 So.2d 339, 340 (Fla.1995); see also Brown v. Department of Health and Rehabilitative Servs., 690 So.2d 641, 644 (Fla. 1st DCA), rev. denied, 698 So.2d 848 (Fla.1997). Three exceptions have developed to this rule: (1) When the governmental entity has a custodial or supervisory relationship with the injured party, see Lee v. Department of Health and Rehabilitative Servs., 698 So.2d 1194, 1199 (Fla.1997); Kaisner v. Kolb, 543 So.2d 732, 734 (Fla.1989); see, e.g., Harris v. Monds, 696 So.2d 446 (Fla. 4th DCA 1997); Grace v. City of Miami, 661 So.2d 1232, 1233 (Fla. 3d DCA 1995); (2) when the governmental entity has a duty to the injured party created by statute, see Department of Health and Rehabilitative Servs. v. Yamuni, 529 So.2d 258, 261-262 (Fla.1988); see, e.g., *1049 Simpson v. City of Miami, 700 So.2d 87, 88 (Fla. 3d DCA 1997); and (3) when the governmental actor or entity has actually set in motion the conduct which leads to the injury of the third party, such as initiating a highspeed chase, see, e.g., City of Pinellas Park v. Brown, 604 So.2d 1222, 1225-1226 (Fla. 1992); Creamer v. Sampson, 700 So.2d 711, 712-713 (Fla. 2d DCA 1997). While injuries to this woman in the emergency room are unfortunate, none of the factors which would create a special relationship between her and the officer exist. She was not in a position of a custodial or supervisory relationship with the officer. No statute existed which created a duty on the part of the officer. The officer's conduct did not precipitate the conduct which caused the harm. The summary judgment should be affirmed.
NOTES
[1] Section 768.28, Florida Statutes (1991), provides in pertinent part:

(1) In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act....
....
(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, ... (Emphasis supplied).