ERVIN, J.
This is an appeal from an order dismissing a complaint with prejudice due to the failure of appellant, the Estate of Robert Brown, to state a cause of action against appellee, W.A. Woodham, Sheriff of Gadsden County, Florida. The lower court ruled that the sheriff owed no statutory, general, or special duty of care to Brown. We cannot agree and therefore reverse the dismissal and remand the case for further proceedings.
The Estate alleged a breach of a duty of care owed to Robert Brown, who was murdered by the irate husband of the woman *1106 Brown was visiting at the time of the tragedy. The husband, William Stroba, had been confined to the custody of the sheriff as an inmate in the Gadsden County Jail as a result of several charges filed against him for committing domestic violence upon his estranged wife. During his one-week incarceration in jail, Stroba wrote several letters to his wife threatening her with numerous acts of violence, which the sheriffs office retained in Stro-ba’s file. Despite the lower court’s order on March 6, 2000, that no bond be given Stroba, the sheriff released him from custody on bond one week later, whereupon Stroba returned to his home where he found the victim in the company of his wife, and perpetrated the homicide.
In Count I of the complaint, the personal representative alleged Sheriff Wood-ham’s duty of care as follows:
22. The Gadsden County Sheriff had a duty to timely enter the circuit court’s order stating that William Stroba was to be held without bond.
23. The Gadsden County Sheriff had a duty to maintain and review all records .concerning William Stroba, including the graphic and threatening letters which William Stroba wrote to Michelle Stroba while he was in custody, in one file or database at the time of his release.
24. The Gadsden County Sheriff owed a special duty to Michelle Stroba, as a victim of domestic violence.
25. It is reasonably foreseeable that a victim of domestic violence, such as Michelle Stroba, would seek protection for herself and her family while under threat of physical violence and harm from William Stroba. The Gadsden County Sheriff owed a special duty to Michelle Stroba, as a victim of domestic violence, and to her reasonably foreseeable protector, Robert Brown.
26. The Gadsden County Sheriff had a duty not to release William Stroba.
27. The Gadsden County Sheriff breached its duty by releasing William Stroba on March 13, 2000.
The plaintiff alleged that the sheriffs negligent release of William Stroba was the proximate cause of Robert Brown’s death.
In defending the lower court’s action, the sheriff relies largely upon the following rule of law set out in Everton v. Willard, 468 So.2d 936, 938 (Fla.1985) (emphasis added), and pertinent cases following it, stating:
A law enforcement officer’s duty to protect the citizens is a general duty owed to the public as a whole. The victim of a criminal offense, which might have been prevented through reasonable law enforcement action, does not establish a common law duty of care to the individual citizen and resulting tort liability, absent a special duty to the victim.
In Everton, the plaintiff brought an action against the sheriff of Pinellas County, among others, seeking damages arising out of a death caused by an intoxicated motorist who had been released on citation rather than arrested by a deputy sheriff. The court emphasized that the decision whether to arrest is a basic discretionary governmental function that is immune from liability. Id. at 937.
The facts before us are different. The sheriffs decision at issue here does not involve whether he should have arrested Stroba. That action had already been taken. We are confronted only with whether the sheriffs act in releasing an inmate from custody in the face of an order commanding him not to do so subjected him to any potential liability to the victim’s estate. Without deciding whether the dismissed complaint sufficiently states a common-law *1107 duty owed by Sheriff Woodham to Brown, we are firmly convinced it alleges a statutory duty of care, and that such duty falls within the special-duty exception recognized in Everton.
The Restatement (Second) of Torts section 315 explains that there is no duty to control a third person to prevent him or her from harming another unless:
(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person’s conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection.
The Restatement enumerates a number of situations that establish a special relation, including a custodian’s taking charge of persons known to be dangerous. The Restatement (Second) of Torts provides in section 319:
One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.
The comment to the above section explains that the duty described applies if the actor knows or should know from personal experience that a third person under his or her control has a tendency to act injuriously.
In our judgment, pertinent Florida statutes relating to the taking into custody of persons accused of domestic violence, when considered together, codify the special-duty exception mentioned in both Everton and the Restatement. For example, section 741.2902(1), Florida Statutes (2000), states that it is the responsibility of the trial court, in considering the release of an offender, to consider the safety of any person who might be endangered by the release. Subsection (1) provides:
It is the intent of the Legislature, with respect to domestic violence cases, that at the first appearance the court shall consider the safety of the victim, the victim’s children, and any other person who may be in danger if the defendant is released, and exercise caution in releasing defendants.
(Emphasis added.) The legislative intent is farther manifested in section 741.2901(3), Florida Statutes (2000) (emphasis added), providing:
When a defendant is arrested for an act of domestic violence, the defendant shall be held in custody until brought before the court for admittance to bail in accordance with chapter 903. In determining bail, the court shall consider the safety of the victim, the victim’s children, and any other person who may be in danger if the defendant is released.
The protection described in the above statutes is obviously not limited to family members who may happen to be victims of domestic violence, as appellee contends, but extends as well to persons who the sheriff knows or should have reason to know might be placed at risk upon an offender’s release from custody.
In the case at bar, the plaintiff alleged sufficient facts establishing a special duty, created' by statute, that Sheriff Woodham owed to Brown. The Estate alleged that the threatening letters Stroba wrote while in jail were retained by the Gadsden County Jail and were in Stroba’s file. In the letters, Stroba said he intended to kill his wife, that he wanted to accomplish his purpose as soon as he was released, and, more to the point, he made his intent clear to so act if he found her with another man. By retaining these letters in Stroba’s file instead of showing them to Michelle, the defendant’s wife, or informing her of their content, and then releasing Stroba and merely informing Michelle Stroba that her *1108 husband had been released, the sheriff deprived her of critical information that might have saved the victim’s life.
These pertinent facts distinguish the instant case from cases such as Everton and others,[1] precluding the imposition of liability upon governmental entities when the duty owed to the injured persons in such cases was no different from that owed to the public in general. In view of the above statutes and the facts alleged, we conclude that a special duty of care was placed on the sheriff to prevent the misconduct of William Stroba toward Robert Brown, a person who the sheriff should have reasonably foreseen would be placed in danger if Stroba were released from custody without sufficient warning.
As previously stated, the lower court’s final order of dismissal decided only that Sheriff Woodham owed no duty to plaintiffs decedent. It did not reach the next step in the analysis required by Henderson v. Bowden, 737 So.2d 532, 537 (Fla.1999), and Trianon Park Condominium Ass’n v. City of Hialeah, 468 So.2d 912, 919 (Fla.1985), which is to determine whether the bar of sovereign immunity applied, i.e., whether the actions of the sheriff were discretionary or operational. Because the court did not address this issue, and there may be pertinent factual matters not before us that are necessary to resolve it, we do not reach it here. The order dismissing the complaint with prejudice is
REVERSED and the case is REMANDED for further proceedings.
WOLF and VAN NORTWICK, JJ., CONCUR.

. See Vann v. Dep’t of Corrections, 662 So.2d 339 (Fla.1995); Mills v. Duggar, 601 So.2d 634 (Fla. 4th DCA 1992); Parker v. Murphy, 510 So.2d 990 (Fla. 1st DCA 1987).